TERRI KEYSER-COOPER
Nevada Bar #3984
Law Office of Terri Keyser-Cooper
2395 Viejo Pl., Lake Havasu City, AZ 86406
775-337-0323
keysercooper@lawyer.com

PETER C. WETHERALL
Nevada Bar #4414
pwetherall@wetherallgroup.com
WETHERALL GROUP, LTD.
9345 West Sunset Road, Suite #100
Las Vegas, Nevada 89148
Ph. (702) 838-8500
Fax (702) 837-5081
*Attorneys for Plaintiff Kim Jackson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN LYNN CLOPP, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SPARKS, et al., <br><br> Defendants. | NO.  3:20-cv-00465 MMD WGC <br><br> **STIPULATION AND PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated by and between the parties by their respective counsel:

1. Documents and materials produced by Police One Academy in response to subpoena issued by Plaintiffs shall be watermarked as "Confidential" and subject to this Protective Order entitling them to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law.

2. Protected Information shall be used solely in connection with the civil case of *Susan Lynn Clopp, et al v City of Sparks*, et al., Case No. 3:20-cv-00465 MMD WGC, and in the

1

preparation of trial of this case, or any related proceeding.

3. Protected Information designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action;

e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

f) The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

g) The parties will not be required to file any documents marked as "confidential" under seal with the Court.

4. The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

5. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. The signatories to this Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

6. A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "Confidential".  Prior to so applying,

the party seeking to reclassify Protected Information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the Protected Information in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

7. Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, District of Nevada, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

8. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing Protected Information will remain confidential and subject to this Protective Order. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all Protected Information received under the provisions of this Protective Order, including copies made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the documents. The parties will also take all reasonable and necessary steps to ensure that persons to whom they disclose another party's Protected Information destroy or return the Protected

Information to the producing party.

Dated:

      Respectfully submitted this 2nd day of August, 2021.

By:

| | |
|---|---|
| */s/ David M. Smith*<br>David M. Smith (0079400)<br>Meyers, Roman Friedberg & Lewis<br>28601 Chagrin Boulevard, Suite 600<br>Cleveland, Ohio 44122<br><br>*/s/ Chester H. Adams*<br>CHESTER H. ADAMS (SNB 3009)<br>WESLEY K. DUNCAN (SNB 12362)<br>P.O. Box. 857<br>Sparks, NV 89431<br><br>*Counsel for Defendants City of Sparks, Eric Dejesus, Ryan Patterson, James Hammerstone, and James Ahdunko* | LAW OFFICE OF TERRI KEYSER-COOPER<br><br>*/s/Terri Keyser-Cooper (per email consent)*<br>TERRI KEYSER-COOPER (SBN 3984)<br>2395 Viejo Place<br>Lake Havasu City, AZ 86406<br><br>PETER GOLDSTEIN LAW CORP.<br>PETER GOLDSTEIN (SBN 6992)<br>10161 Park Run Drive, Suite 150<br>Las Vegas, NV 89145<br><br>Peter C. Wehterall, Esq.<br>WETHERALL GROUP, LTD.<br>9345 West Susnset Road, Suite 100<br>Las Vegas, NV 89148<br><br>*Counsel for Plaintiffs Susan Lynn Clopp and Paris Fridge, as Co-Administrators of the Estate of Miciah William Lee* |

Dated:

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered.

IT IS SO ORDERED.

DATED: August 3, 2021.

                                        *William G. Cobb*

                              UNITED STATES MAGISTRATE JUDGE